UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| WESLEY R. THOMAS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 3:18-cv-0009 |
| | ) | CHIEF JUDGE CRENSHAW |
| APPLE INC., *et al.*, | ) | |
| Defendants. | ) | |

# MEMORANDUM

*Pro se* plaintiff Wesley R. Thomas has filed a civil Complaint asserting numerous claims against twenty-nine defendants, including, but not limited to, the following: Apple Inc.; Austin Peay State University—Board of Trustees; the Clarksville Police Department; Christian County Sheriff Department; Hopkinsville Police Department; the United States Departments of Defense, Treasury, Homeland Security, and Justice; T-Mobile Headquarters; Wendy's Company; Twitter; and Facebook, Inc. Because Plaintiff proceeds *in forma pauperis*, the Court must conduct an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth herein, the complaint will be dismissed as frivolous and for failure to state a claim for which relief may be granted.

## I. Initial Review Screening Standards

The Court is statutorily required to conduct an initial review of the complaint of a plaintiff proceeding *in forma pauperis* and to dismiss it prior to service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The screening

procedure established by § 1915(e) applies to *in forma pauperis* complaints filed by non-prisoners as well as to those filed by prisoners. McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

Generally, an *in forma pauperis* complaint will be permitted to proceed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hill v. Lappin, 630 F.3d 468, 470 (6th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Conversely, the action must be dismissed as frivolous when it is "based on an indisputably meritless legal theory" or when the "factual contentions [on which it relies] are clearly baseless." Anson v. Corr. Corp. of Am., 529 F. App'x 558, 559 (6th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Thus, when a complaint alleges facts that are "clearly baseless," "fanciful" or "delusional," it may be dismissed as frivolous. Denton v. Hernandez, 504 U.S. 25, 32–33 (1992) (citing Neitzke, 490 U.S. at 327–28). A complaint that is legally frivolous "*ipso facto*" fails to state a claim upon which relief can be granted. Hill, 630 F.3d at 470 (citing Neitzke, 490 U.S. at 328–29).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks and citation omitted). Cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on

behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## II. Review of the Complaint

Plaintiff alleges that, beginning in 2017, he was the subject of illegal and intrusive surveillance by local and federal law enforcement officers, the hijacking of his personal Twitter account, and unlawful spying. He alleges, for instance, that

> [a]round 2:00 a.m. on Tuesday, March 14, 2017, the Plaintiff and his elderly grandfather were subjectively exposed to an IMMOBILIZATION/EUPHORIC GAS and LORAD (low frequency tactical device) a/k/a sub-sonic weapon for several hours. D[ue] to the age of the Plaintiff's elderly Grandfather and Plaintiff's immobilized state, the Plaintiff did not make his Grandfather aware of the events. This pre-tactical-infiltration method was used to immobilize the Plaintiff and/or other individuals in the residence, so an individual(s) could infiltrate the home placing illegal surveillance device(s) and allowing other individuals to search the property e.g. hay-barn, tractor barn, etc. Between 3:00 a.m. and 4:00 a.m. individual(s) infiltrated the residence located at 1491 Major Lane, Hopkinsville, KY 42240. The individual(s) infiltrated the crawl-space and a second-story window of the residence on the south-west side of the residence leaving behind several surveillance devices and evidence. [I]ndividual(s) ingressed the attic located on the second-story, the Plaintiff made individual(s) aware of ingress. Upon making individual(s) aware of entry, individual(s) egressed from the second-story to the stairs, thru the dining-room, kitchen, den, and egressed the property through the north-west patio door located on the first-floor.

(Compl. ¶ 68.)

The Court finds these and the other allegations in the Complaint to be clearly fanciful, baseless, and delusional. In addition, the Complaint fails to contain specific facts showing that any of the named defendants actually violated plaintiff's constitutional or other rights. In short, the factual allegations in the Complaint fail to "state a claim to relief that is plausible on its face." Hill, 630 F.3d at 470.

**III.    Conclusion**

The Complaint will be dismissed as frivolous and for failure to state a claim for which relief may be granted. An appropriate order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE